IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| TREANDOS CARTE HEAD, | * | |
| Petitioner, | * | CASE NO. 7:07-CV-65 WLS |
| vs. | * | 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | * | CASE NO. 7:00-CR-14 WLS |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Petitioner Head was convicted by jury of Possession of Cocaine with Intent to Distribute in violation of 21 U.S.C. §841(a)(1)(C) I/c/w §841(b)(1)(C) in Count I of a Superseding Indictment returned against him . In Count II, he was convicted of Possession With Intent to Distribute More Than 50 grams of Cocaine Base in violation of 21 U.S.C. §841(a)(1) I/c/w §841(b)(1)(A)(iii). He was sentenced to serve a total term of 169 months imprisonment on June 7, 2001, on Count I, and to a like concurrent term on Count II. (R - 90). Petitioner Head failed to timely file for a direct appeal of his convictions and sentence. However, on July 12, 2002, Petitioner Head filed a Motion to Vacate, Set Aside, and Correct Sentence pursuant to 28 U.S.C. § 2255 (R-102), through which he demonstrated that he had timely requested that his attorney file an appeal of his conviction and sentence, but that his attorney had failed to do so. Petitioner Head was resentenced and granted an out-of-time appeal. (R-124). On July 14, 2006, the United States Court of Appeals for the Eleventh Circuit affirmed Head's conviction and sentence (R-143), adversely determining

Petitioner's challenge to the District Court's denial of his Motion To Suppress, among other issues.

On June 14, 2007, Petitioner Head filed a timely Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (R-146, 147), wherein he alleged twelve claims of ineffective assistance of counsel. New counsel was appointed to represent Petitioner Head in an evidentiary hearing on his Motion To Vacate, Set Aside, or Correct his Sentence. At the hearing on Petitioner's Motion, Petitioner and Counsel stipulated that his twelve original claims had been reduced to just two claims, which he would pursue. (Transcript, R-154 at 4, 6, 7, 11- 12, 39).

**Petitioner's Claims**

Petitioner Head alleges ineffective assistance of counsel for his trial counsel's advice that he not testify at his Motion to Suppress Evidence hearing. Head stated that he wanted to testify as to what happened during the stop.[1] In regard to this issue, Petitioner head testified at the hearing on his Motion to Vacate that, while he did not remember discussing the possibility of impeachment if he chose to testify at the suppression hearing, he stated, "(B)y me taking the stand and having priors, my credibility wasn't good at all. So that decision was made not to take the stand." (R-154 at 16). Head also testified that he did not have any issue with the outcome of the suppression hearing. (R-154 at 20, 21).

On cross-examination, Petitioner Head acknowledged that his attorney had told him that if he testified that he could be impeached by his prior convictions, and that the attorney told him that it would not be a good idea for him to testify. (R-154 at 32). Petitioner Head also testified that

---

[1]The United States Court of Appeals for the Eleventh Circuit also found in its decision on Petitioner's direct appeal that "there was no unreasonable prolongation of the detention in this case beyond that warranted by the traffic stop." (R-143 at 2).

2

based on that information from his attorney, he decided that it would not be in his best interest to testify, and that *he* had decided not to testify - that it was totally his decision "with the help of his attorney", "based on his advise." (Id. at 32, 33, 38).

Petitioner Head's second claim is that his counsel was ineffective for failing to investigate a plea bargain on his behalf. (R-146, Ground One). Counsel stated that Petitioner's second claim was that, "We also believe that during the plea negotiation process we believe that his Sixth Amendment right to counsel was also violated in that his counsel at the time failed to adequately advise him of any plea bargain or any plea negotiation available to him that would result or could result in a lesser sentence. (R-154 at 3, 4).

Petitioner's trial counsel testified at the § 2255 hearing that he did not recollect any plea offer other than pleading to the indictment; that there never was a specific offer, although he was "fishing around for possible offers," and that Head did not indicate that he wanted to plead guilty, but always wanted to go to trial. (R-154 at 43, 44, 45). At the hearing, the prosecutor proffered, "I will stipulate that there was never a plea agreement offered to this defendant during the course of these proceedings by my office." Petitioner's counsel responded to the question whether he had tried to get one that, "Well, I did talk to him about the possibility of that, but didn't get anywhere." (Id. at 52).

Petitioner Head testified that he felt that he might prevail on his Motion To Suppress, but, that if he did not, he had a contingency plan, to wit., "Next step, to enter a plea offer." (R-154 at 61). When asked by his attorney what he meant by plea offer, he answered, "The plea bargain." (Id. at 62). When asked what was his intent, Head answered, "To try to prevail on (the motion to suppress) and get the drugs suppressed," and if that did not work, "Plea bargain." (Id.).

3

Petitioner Head was asked if he had ever considered pleading blind, i.e., pleading guilty without any plea bargain, without any promises or anything from the government, just throwing himself on the mercy of the court, to which he answered, "No. No. I don't ever – asked my attorney, Mr. Hall, to throw myself on the mercy –." (R-154 at 66). He was asked if he understood that Mr. Hall had had no success with the plea bargain, to which he answered, "Yes, sir." (Id.). Petitioner Head added, "No. No, I never wanted to throw myself on the mercy of the court, no." (Id. at 67).

### **Ineffective Assistance of Counsel**

The United States Court of Appeals for the Eleventh Circuit stated in *Rogers v. Zant,* 13 F.3d 384, 386 (1994):

> The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984). To establish prejudice, the Petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694..... When reviewing whether an attorney is ineffective, courts "should always presume strongly that counsel's performance was reasonable and adequate." *Atkins v. Singletary*, 965 F. 2d 952, 958 (11th Cir. 1992). And, "a court should be highly deferential to those choices ... that are arguably dictated by a reasonable trial strategy." *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so. This burden, which is petitioner's to bear, is and is supposed to be a heavy one.

Petitioner Head has failed to show that his trial counsel was constitutionally ineffective in his advice to him not to testify at his Motion to Suppress hearing. Petitioner's suggested testimony regarding the traffic stop cannot be shown to have effected the outcome of his case in any manner. Moreover, after advice and counsel from his attorney, Petitioner Head acknowledged that it was his decision not to testify at the hearing.

As to his counsel's failure to obtain a plea bargain acceptable to Petitioner, Petitioner Head cannot show that he was even entitled to a plea bargain or that he could somehow force the government to extend him an offer of a reduced sentence. Neither the evidence nor any law establishes that Petitioner's counsel's failed efforts to negotiate with an unwilling prosecutor equates to ineffective assistance of counsel. Petitioner Head has failed to carry his burden on any of his claims of ineffective assistance of counsel.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 31st day of January 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE